Steven H. Haney, SBN 121980
Gregory L. Young, SBN 226293
**HANEY & YOUNG LLP**
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone:  (213) 228-6500
Facsimile:  (213) 228-6501
E-Mail:        shaney@haneyyoung.com

Attorneys for Plaintiff,
SIMONE KELLY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

HANEY & YOUNG, LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

| | |
|---|---|
| SIMONE KELLY, an individual; <br><br> PLAINTIFF, <br> v. <br><br> THE BOEING COMPANY, a Delaware Corporation; BOEING DEFENSE, SPACE & SECURITY, a division of BOEING, business entity form unknown; BOEING NETWORK & SPACE SYSTEMS, a part of BOEING DEFENSE, SPACE & SECURITY, a business entity, form unknown, and DOES 1-10; <br><br> DEFENDANTS. | **CASE NO.: 2:17-cv-01679** <br><br> **COMPLAINT FOR DAMAGES:** <br><br> **1) DISCRIMINATION BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(a),** *et. seq.***;** <br><br> **(2) HARASSMENT BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(j),** *et. seq.***;** <br><br> **3) DISCRIMINATION BASED UPON GENDER AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(a),** *et. seq.***;** <br><br> **4) HARASSMENT BASED UPON GENDER AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(j),** *et. seq.***;** |

1

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**5) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND/OR RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(k);**

**6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**7) NEGLIGENT SUPERVISION;**

**8) NEGLIGENT RETENTION; AND**

**DEMAND FOR JURY TRIAL**

Plaintiff SIMONE KELLY (hereafter sometimes referred to as "KELLY") alleges as follows:

## THE PARTIES

### PLAINTIFF

1.     Plaintiff SIMONE KELLY, an individual, is a current employee of The Boeing Company, working at the El Segundo facility.

2.     Plaintiff is, and at all relevant times herein was, an African-American employee of The Boeing Company, working at facilities in the City of El Segundo, in the County of Los Angeles, State of California.

### DEFENDANTS

3.     Plaintiff is informed and believes that Defendant THE BOEING COMPANY (sometimes referred to herein as "Boeing") is a Delaware Corporation doing business, and employing over 16,000 people, in the State of California, with a major manufacturing and business facility in the City of El Segundo, County of Los Angeles.

4.     Plaintiff is informed and believes that Defendant BOEING DEFENSE SPACE & SECURITY ("Boeing DS&S") is a division of Boeing doing business in the State of California.

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

5. Plaintiff is informed and believes that Defendant BOEING NETWORK & SPACE SYSTEMS ("Boeing NS&S") is a part of Boeing DS&S, which does business in the State of California.

6. At the time of the filing of this Complaint, Plaintiff is unaware of the true names and capacities of the Defendants, who are the employees, agents, representatives, co-conspirators and/or are otherwise acting on behalf of Defendants Boeing, Boeing DS&S and Boeing NS&S (hereafter collectively referred to as "Boeing"), and therefore sues these persons using the fictitious names Does 1-10, inclusive. Plaintiff will amend the Complaint to allege the true names and capacities of the Doe Defendants when such have been ascertained. Defendants Boeing and Does 1-10 are sometimes hereafter collectively referred to as "Defendants."

7. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named Defendants are in some manner responsible for the occurrences, acts and omissions alleged herein, and that Plaintiff's damages as alleged herein were proximately caused by such occurrences, acts and omissions of said Doe Defendants, and by each of them. When Plaintiff alleges conduct against any Defendant hereafter, said Defendant will include the named Defendants and Defendant Does 1-10.

8. Defendants Boeing and Does 1-10 were and are at all relevant times acting as the agents, partners, joint venturers and co-conspirators of each other, with each act or omission being perpetrated within the scope of the agency, partnership, venture or conspiracy.

9. Plaintiff has suffered losses in excess of the jurisdictional minimum of the Court, which will be established according to proof at time of trial.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in the Federal Court because Plaintiff's case, along with her former Co-Plaintiffs, was previously removed by Defendants pursuant to diversity jurisdiction per 28 U.S.C. § 1332 and no Motion to remand was filed. As a result, this Court has already exercised jurisdiction over the case.

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

11. Venue is proper in this District because the defendants and each of them have engaged in significant business operations, and the employment of thousands of people, in the County of Los Angeles, California, including a facility in El Segundo, wherein Plaintiff is or was employed, and wherein each of the harms to Plaintiff complained of herein occurred.

## FACTUAL ALLEGATIONS

12. In 1865, The United States Congress abolished slavery by passing the 13th Amendment to the Constitution. What followed were years of the infamous Jim Crow laws in the South, the Ku Klux Klan, and disparate treatment against African Americans, including the highest unemployment rate of any ethnicity in history, a widespread refusal by white America to promote African Americans to higher level managerial positions, and unequal pay for African Americans doing the same work as their higher paid Caucasian co-employees. With the passage of the Civil Rights Act of 1964, it appeared America had turned a corner. The message was now clear: there was to be "no discrimination against persons based on race or ethnicity." While most of America got that message, it has become obvious that at least one major multi-cultural company either was not listening or simply chose to ignore the law. That company is Boeing.

13. Boeing has in its agreement with its employees a written policy that states:

> "The Employer and the Union agree that, in applying the terms of this Agreement, neither party will discriminate against any employee because of race, national origin, sex, age, color, creed, physical handicap, sexual orientation or for any other reason prohibited by law."

Boeing, specifically at its El Segundo, California location, has violated this policy by continuing its well-established pattern of creating a corporate culture wherein employees of African American descent are subjected to disparate treatment, harassment, public embarrassment, and ridicule by managers and colleagues, and a number of adverse employment actions including failure to be promoted to positions

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

for which they are qualified, being initially hired into lower-tier jobs than comparably qualified Caucasian candidates, failure to receive preferred job assignments, failure to receive job assignments necessary for promotion, and/or termination.

14.    The list of Boeing's violations of state and federal anti-discrimination laws is too long to recite. A few examples of Boeing's willful discrimination are:

1)    A 1997 Boeing internal audit found that "Blacks received lower starting salaries than Caucasians" doing comparable work, and found Boeing exhibited "racial bias" against hiring African Americans.

2)    Boeing dodged a bullet in 1998 when it paid 43 African Americans only $4.5 million for Labor Code violations in an action brought by the U.S. Department of Labor. Boeing's Director of Employee Relations, Marcella Fleming, told Boeing management that "Boeing's potential liability in that case was $120,000,000."

3)    In 1999, Boeing paid a large group of African American employees $15,000,000 in *Staton v. Boeing Co.*, Case No. CV-98-00761-JCC. Much more significant than the $15,000,000 payment is the fact that Boeing has paid $1.3 ***billion*** "off the books" to keep the quota industry and federal government investigators and regulators (e.g. EEOC and Department of Labor) off their backs.

Boeing's internal protections are inadequate to protect employees from discrimination. In its most recent transgression, members of the Human Resources department and managers tasked with preventing discrimination, including but not limited to Sandy Specht, openly exhibit discriminatory behavior and failed to properly investigate claims of racial discrimination.

15.    In addition to its flagrant racial discrimination, Boeing, specifically at its El Segundo, California location, allows for systemic nepotism, creating an

**COMPLAINT FOR DAMAGES**

environment wherein senior or preferred Caucasian employees and Caucasian family members or associates of senior or preferred employees are hired into more desirable jobs, wrongfully provided with interview questions in advance of hiring or promotion interviews, and routinely transferred between jobs and departments in such a way to allow for their career advancement at the expense of similarly qualified employees who are not related to or associated with senior or preferred employees. These family members and associates of senior and preferred employees are also routinely transferred between jobs and departments in such a way as to insulate them from layoffs.

16. By allowing the nepotism described herein to occur, Boeing is blatantly violating its own internal policies and procedures, specifically, but not limited to, Procedure PRO-58, "employment of Relatives and Close Personal Friends."

17. Similarly, hiring and promotion decisions are sometimes affected by improper relationships between Boeing employees and employees of Boeing vendors, many of whom are former employees of Boeing themselves. These decisions sometimes also include nepotism and race discrimination. By way of example, Ron McFatridge, a former Caucasian employee of Boeing vendor Cicon, who came to work for Boeing before retiring, hired other former Cicon employees and promoted them ahead of other Boeing employees with more experience. Mr. McFatridge and the other former Cicon employees hired by Boeing then created an improper client-vendor relationship with Boeing, in violation of Boeing's own internal policies, to the detriment of Boeing itself, and to the detriment of its employees who are members of protected classes, including racial minorities, and those who are not members of the nepotistic preferred "old boy network" of Boeing employees.

18. As further example of the impermissible nepotism at the Boeing El Segundo facility, Boeing manager Chuck Brockett, Caucasian, was impermissibly involved in the hiring process for his nephew Cody Oleson, also Caucasian, and not only had direct input in Oleson's hiring, but was also Oleson's supervisor up until the

6

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

time the Oleson was promoted to a salary position – leap frogging a number of more experienced and more qualified African American employees.  What is more, Caucasian Boeing manager Brent Patchell was able to secure employment for his son, step-daughter, daughter-in-law, sister-in-law and brother-in-law, all Caucasian. Patchell's son, Curtis Patchell, and his step-daughter, Nicole Perez, were all hired by Chuck Brockett, and initially worked under Brockett before quickly being promoted to salary positions, similar to the unjustified career advancement of Brockett's nephew, Oleson. Brockett also hired and quickly promoted Vanessa Sarria, who is the daughter in law of another long-time Boeing employee.  Recently, Joshua Bristol, the son of long-time Caucasian employee, Kenneth Bristol, was hired as a favor to his father.  In all of these instances of nepotism, the perpetrators received at most a verbal warning, and often no punishment at all. This nepotism manifests itself as race discrimination.

19.    African American employees at Boeing, El Segundo are frequently victims of disparate treatment. For example, Caucasian Boeing employee Brian Sullivan received a DUI while working remotely at a satellite launch and was given only the very mild punishment of being put on an alternate work week. African-American employees receive much harsher punishments for less serious infractions. Other instances of similar disparate treatment are set forth herein.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF KELLY

20.    Plaintiff SIMONE KELLY is an African American female who worked at Boeing as a Supply Chain Management Analyst, among other things. She is 55 years of age and has been an employee of Boeing for 33 years as of January, 2017. Plaintiff is the only African American person with the Supply Chain Analyst Position, under Anita Gupta ("Gupta"), an Indian female manager.

21.    In December, 2015, Plaintiff's group of six individuals were merged into Anita Gupta's group of nine Supply Chain Analysts, to create a single group of fifteen Supply Chain Analysts. Plaintiff met with Anita Gupta, the manager of the newly

7

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

consolidated group, for the first time in January, 2016. The meeting lasted a mere 15 minutes. Later that same year, in April, Anita Gupta was notified that the Supply Chain Analyst department was slowing down, and consequently asked Plaintiff to get filler work from approximately July through December, 2016.

22.    The department was slowing down in part because contracts were coming to an end. The filler work that Plaintiff was told to bring to the department included supporting other departments until her department picked up again; the department was scheduled to pick up again in January, 2017. However, two individuals in Plaintiff's department were laid off in May of 2016 because the departments they supported were slowing down, and their positions were made available. Nonsensically, instead of allocating the additional work that needed to be done as filler work for Plaintiff – particularly because Plaintiff was unique in having had worked in both of those departments before – the work was allocated elsewhere. This action had the implication of superfluously jeopardizing Plaintiff's position in the company by not allowing her to receive an appropriate amount of work.

23.    In another instance of questionable management practices, manager Anita Gupta assigned Plaintiff a task in May of 2016. Plaintiff felt uncomfortable performing the task because Gupta did not provide Plaintiff with a charge number. Gupta told Plaintiff to simply use another program's charge number, although this practice is illegal. Though Plaintiff felt undue pressure from her superior to participate in an illegal practice, she refrained from doing so and consequently did not complete the assignment.

24.    Further, Plaintiff applied 25 to 30 times for internal and out-of-state jobs with Boeing over the past year. Applications are submitted along with a photograph of the applicant; Plaintiff was rejected each time, even though most of the positions she applied for were for the same work that she already performed, but were for lower position titles with less pay. Plaintiff was qualified for all of the jobs she applied for, and there was no reason for Boeing not to at the very least consider Plaintiff for the

8

**COMPLAINT FOR DAMAGES**

positions – no less to reject Plaintiff immediately upon receipt of her application and corresponding photograph without fail 25 to 30 times over. Plaintiff was automatically taken out of consideration for these positions for no other reason than being clocked as African American. Further, a lower level, less qualified Caucasian woman replaced Plaintiff in her position in the Supply Chain Analyst group.

25. In one instance, Plaintiff was interviewed by an Asian male Technical Planner Manager. Plaintiff was offered a Technical Planner position, which she accepted. However, the manager who offered her the position left the company two weeks later. Thereafter, manager Duoc Tran took over the position of the manager who left. However, after he left, Plaintiff was informed by Anita Gupta that she still had the job. In June of 2016, Plaintiff was even told a few times to pack her office and choose a cubicle where the Group of Planners were located. On June 24, 2016, Plaintiff chose four cubicles and waited for the confirmation to relocate. On June 27, 2016, Plaintiff was copied on a notice that Anita Gupta sent to a colleague to set Plaintiff up for training to get certified as a Technical Planner.

26. Despite these assurances, Plaintiff was repeatedly given vague and evasive answers about position details, and was eventually told by Anita Gupta that the position was no longer available. That same week, two of Plaintiff's co-workers were offered a planning position – the same position that was just rescinded from Plaintiff for no reason. There was no reason for Plaintiff not to obtain the position; Plaintiff was given no explanation or justification for the decision, and contends that her race contributed to the lack of clear communication and last minute decision changes at Plaintiff's expense.

27. Plaintiff received a lay-off notice in July of 2016. Plaintiff's manager could not or would not explain to her why she was being laid off, and was instead referred to speak to Human Resources. Plaintiff met with Human Resources for assistance, and was told to speak to her manager. What is additionally concerning about Plaintiff's lay-off notice is the lack of proper representation that Plaintiff was

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

9

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

given by her manager during the assessment meeting. Gupta had only been her manager for six months, though Plaintiff had worked at Boeing for 32 years. Further, Plaintiff's only significant interactions with Gupta consist of: one face-to-face "meet and greet" meeting lasting approximately 15 minutes, and one visit from Gupta to Plaintiff's work area. Gupta never spoke to Plaintiff to learn what Plaintiff has worked on, what areas she has supported, or what skills she had; Gupta's treatment of Plaintiff had also been at times discriminatory and at best dismissive. In short, Gupta was not familiar enough with Plaintiff to fairly represent her in an assessment meeting.

28.    For this and other reasons, Plaintiff filed for an Appeal to plead her case that she should not be laid off. After filing, Plaintiff assured that she would not know anyone on the appeal board. However, as soon as Plaintiff entered the room, she recognized a gentleman that she was introduced to through Gupta, and with whom Gupta had a working relationship with. Plaintiff's appeal was denied.

29.    Plaintiff suffered numerous adverse employment actions, including not receiving applied for positions or promotions because of her race, and because of Boeing's improper nepotistic network practices in violation of Boeing's own internal policies.

## FIRST CAUSE OF ACTION
### (DISCRIMINATION BASED UPON RACE AND ENGAGEMENT IN PROTECTIVE ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"),
### Cal. Gov. Code §12940(a), et. seq.;)
### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

30.    Plaintiff hereby incorporates by reference and re-allege each and every allegation contained in Paragraphs 1 through 39, inclusive, as if fully set forth herein.

31.    Government Code Section 12940(a) makes it an unlawful employment practice for any employer to discriminate on the basis of race, by making unlawful

10
**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

said discrimination in compensation or in terms, conditions or privileges of employment. Government Code Section 12926(n) also states that "race" includes an employee who is associated with a person who has, or is perceived to have those characteristics.

32.    Defendants violated this prohibition on discriminatory acts or omissions based upon race, and engagement in protected activity for making claims of discrimination, and for subjecting Plaintiff to disparate treatment as set forth in the Common Allegations, above.

33.    FEHA does not require that an employer's discriminatory act constitute one swift blow, rather than a series of subtle yet damaging injuries. The individual acts of discriminatory conduct as described herein, as well as the totality of such conduct, constitute an adverse employment action. Moreover, FEHA protects an employee against unlawful discrimination with respect not only to "ultimate employment actions" such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely or materially affect an employee's job performance or opportunity for advancement in her career.

34.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause.  Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

///

///

///

11

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## SECOND CAUSE OF ACTION

### (HARASSMENT BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"),

### Cal. Gov. Code §12940(j), *et. seq*.;)

### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

35. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 44, as set forth above.

36. Government Code Section 12940(j) makes it an unlawful employment practice for any employer to harass an employee, or any person providing services thereto on the basis of race, or to create a hostile work environment based thereon. Government Code Section 12926(n) also states that racial harassment is actionable even if the employee is associated with a person who has, or is perceived to have those characteristics.

37. Defendants violated this prohibition on discriminatory and harassing acts or omissions based upon race and engaging in the California protected activity of filing a Fair Employment and Housing Act ("FEHA") claim with the Department of Fair Employment and Housing ("DFEH"), by, among other things, subjecting Plaintiff to the treatment as set forth in Common Allegations ¶¶ 20-26, above, and in the allegations made by Plaintiff herein.

38. As a result of Defendants' harassing conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause her. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## THIRD CAUSE OF ACTION

**(DISCRIMINATION BASED UPON GENDER AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"),**

**Cal. Gov. Code §12940(a), et. seq.;)**

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

39.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 48, inclusive, as if fully set forth herein.

40.    Government Code Section 12940(a) makes it an unlawful employment practice for any employer to discriminate on the basis of gender, by making unlawful said discrimination in compensation or in terms, conditions or privileges of employment.

41.    Defendants violated this prohibition on discriminatory acts or omissions based upon gender, and engagement in protected activity for making claims of discrimination, and for subjecting Plaintiff to disparate treatment as set forth in the Common Allegations, above.

42.    FEHA does not require that an employer's discriminatory act constitute one swift blow, rather than a series of subtle yet damaging injuries. The individual acts of discriminatory conduct as described herein, as well as the totality of such conduct, constitute an adverse employment action. Moreover, FEHA protects an employee against unlawful discrimination with respect not only to "ultimate employment actions" such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely or materially affect an employee's job performance or opportunity for advancement in her career.

43.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in

complete disregard to the harm that this conduct would cause. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

## FOURTH CAUSE OF ACTION

### (HARASSMENT BASED UPON GENDER AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"),

### Cal. Gov. Code §12940(j), et. seq.;)

### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

44.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 53, as set forth above.

45.     Government Code Section 12940(j) makes it an unlawful employment practice for any employer to harass an employee, or any person providing services thereto on the basis of gender, or to create a hostile work environment based thereon.

46.     Defendants violated this prohibition on discriminatory and harassing acts or omissions based upon gender and engaging in the California protected activity of filing a Fair Employment and Housing Act ("FEHA") claim with the Department of Fair Employment and Housing ("DFEH") by, among other things, subjecting Plaintiff to the treatment as set forth in Common Allegations ¶¶ 20-26, above, and in the allegations made by Plaintiff herein.

47.     As a result of Defendants' harassing conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause them. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

all Defendants except any Defendant who is specifically excluded by law from being liable for punitive damages.

## FIFTH CAUSE OF ACTION

### (FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND/OR RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA", Cal. Gov. Code §12940(k), et. seq.;)

### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

48.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 57, as set forth above.

49.     Government Code Section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

50.     Defendants violated this section by failing to prevent the discrimination and harassment, as set forth more specifically in Common Allegations ¶¶ 20-26, and in the allegations made by Plaintiff herein.

51.     As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard of the harm that this conduct would cause her. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## SIXTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

52.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 61, as set forth above.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

53.     The conduct of various Boeing employees and former employees, including but not limited to, Mike Perez, Jim Bellows, Jim Schultz, Inga Coupe, Chuck Brockett, Heather O'Leary, Tom Senkevich, and Sandy Specht, among others, as set forth throughout, was extreme and outrageous, and done by with the intentional and/or reckless disregard of the probability of causing Plaintiff to suffer humiliation, mental anguish, emotional, and physical distress.  Any racial discrimination cannot be tolerated by a civil society.

54.     This conduct, as set forth *supra*, was a result of an intent to harass, retaliate, discriminate, and terminate Plaintiff, and ultimately inflict emotional distress upon Plaintiff.

55.     Plaintiff suffered adverse employment actions on pre-textual grounds, but the true and only reason Plaintiff suffered adverse employment actions is because she is African American. Making decisions constituting adverse employment actions because of a person's race or ethnicity is oppressive and malicious, and constitutes extreme and outrageous conduct which goes beyond all bounds of decency and is atrocious and utterly intolerable in a civilized community. Boeing's veiled racism is no less damaging to affected persons than are openly and overtly racist acts. Indeed, in an advanced society with post-racial aspirations, it is heavily-veiled and subconscious racism which is largely responsible for perpetuating the societal inequalities that continue to hinder the progress of, and oppress, racial minorities.

56.     As a proximate result of the aforementioned intentional acts, Plaintiff has suffered humiliation, mental anguish, emotional, and physical distress manifesting itself in such physical symptoms general stress induced change in appearance and temperament. These damages are not presently calculable and are subject to proof at time of trial.

57.     In committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would

16
**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

cause her. Specifically, Plaintiff alleges, among other things, that she suffered various adverse employment actions, including terminations, failures to promote, failures to provide preferred and privileged job assignments which would allow for advancement, and hiring discrimination on the basis of their race; making decisions constituting adverse employment actions on the basis of race is outrageous conduct that goes beyond all bounds of decency and is atrocious and utterly intolerable in a civilized community. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial.

### SEVENTH CAUSE OF ACTION
### (NEGLIGENT SUPERVISION)
### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

58. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 67, as set forth above.

59. Government Code, section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

60. Defendants violated this section by failing to prevent the discrimination and harassment, as set forth more specifically in Common Allegations ¶¶ 20-26, and in the allegations made by Plaintiff herein.

61. Accordingly, Government Code, section 12940(k) establishes a duty for an employer to take all reasonable steps necessary to prevent discrimination and harassment from occurring. This duty includes the proper supervision of its employees to ensure that discrimination and harassment do not occur.

62. By failing to properly supervise its employees, and by allowing the conduct as set forth in Common Allegations ¶¶ 20-26, and in the allegations made by Plaintiff herein, to occur, Defendant Boeing breached its duty.

63. As a proximate result of that breach of duty, and of the ratification of discriminatory and harassing conduct of its employees, Defendant Boeing has caused

17
**COMPLAINT FOR DAMAGES**

Plaintiff to suffer damages, including monetary, and in some cases emotional, harms as set forth herein. These damages are not presently calculable, and will be established according to proof at time of trial.

64.    As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard of the harm that this conduct would cause her. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## EIGHTH CAUSE OF ACTION
### (NEGLIGENT RETENTION)
**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

65.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 74, as set forth above.

66.    Government Code, section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

67.    In some instances, including in the instant matter, all reasonable steps necessary to prevent discrimination and harassment from occurring should include the firing or dismissal of employees who commit discriminatory or harassing conduct.

68.    Defendant Boeing owed, and continues to owe, Plaintiff a duty to fire, dismiss, or otherwise terminate employees who commit discriminatory or harassing conduct.

69.    Defendant breached their duty to Plaintiff and others by negligently retaining employees who acted in a discriminatory or harassing manner and allowing by misconduct to continue unabated as set forth more specifically in Common Allegations ¶¶ 20-26, and in the allegations made by Plaintiff herein.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

70.    As a proximate result of that breach of duty, and of the ratification of discriminatory and harassing conduct of its employees, Defendant Boeing has caused Plaintiff to suffer damages, including monetary, and in some cases emotional, harms as set forth herein. These damages are not presently calculable, and will be established according to proof at time of trial.

71.    As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause her. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## PRAYER FOR DAMAGES

1.    For an award for all compensatory damages sustained by Plaintiff by reason of Defendants wrongful acts complained of herein;

2.    For exemplary and punitive damages where allows by law;

3.    For a permanent injunction enjoining discriminatory, unfair, and unlawful business practices;

4.    For costs of suit incurred herein;

5.    For attorneys' fees as allowed by law; and

6.    For such other and further relief as the Court may deem equitable, necessary, and just.

Dated: March 1, 2017            **HANEY & YOUNG, LLP**

By: /s/Gregory L. Young/
STEVEN H. HANEY
GREGORY L. YOUNG
Attorneys for Plaintiff,
SIMONE KELLY

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

19
**COMPLAINT FOR DAMAGES**

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial in this matter.

Dated: March 1, 2017                    **HANEY & YOUNG, LLP**

By: /s/Gregory L. Young/
STEVEN H. HANEY
GREGORY L. YOUNG
Attorneys for Plaintiff,
SIMONE KELLY

**COMPLAINT FOR DAMAGES**